EDWARD HLUBOKY, an Infant, by LOUIS HLUBOKY, His Guardian ad Litem, and LOUIS HLUBOKY, Plaintiffs, *v.* 1726 DAVIDSON AVENUE CORPORATION, Defendant.

Supreme Court, Trial Term, Bronx County, May 24, 1935.

*Walter Gordon Rosenbluth,* for the plaintiffs.

*Edward L. Johnson,* for the defendant.

McLaughlin (Charles B.), J. The plaintiff, a delivery boy, went to the basement of defendant's premises to deliver food, intending to use a dumb-waiter. The customer lived on the second floor. The boy looked up the shaft and saw the dumb-waiter at an upper floor, about the fourth floor. The boy then pulled the rope which would cause the dumb-waiter to descend. After pulling for a short time the dumb-waiter did not come down. Plaintiff put his head into the shaft to look up. The dumb-waiter suddenly fell, striking him on the head and rendering him unconscious. A dumb-waiter, if it is in order and motionless, does not suddenly drop two stories. The jury was justified in finding in this case that the plaintiff did nothing to dislodge the elevator after it came to a stop, i. e., got stuck. The case is different from *Brown* v. *Blanche Realty Co.* (184 App. Div. 33), for there the plaintiff was working to dislodge the dumb-waiter when it fell. There is no contributory negligence here as a matter of law. A person is not negligent because he looks into a dumb-waiter shaft to see at what floor a dumb-waiter is standing motionless. The sticking of this dumb-waiter had nothing to do with this accident. What caused the accident was the sudden fall of the dumb-waiter from its position of motionlessness. Plaintiff had nothing to do with that. A dumb-waiter in order does not act that way. Notice was proved. Motion denied.